UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:18-cr-517-T-35AEP

ARNOLD GERARD NELSON JR.

**UNITED STATES' SENTENCING MEMORANDUM**

The Court should sentence the defendant, Arnold Gerard Nelson Jr., to a sentence within the guidelines range. In support of this position, the United States of America states as follows:

**I.   FACTUAL SUMMARY**

On multiple dates between January 23 and June 14, 2018, Arnold Gerard Nelson Jr. sold substances containing heroin and fentanyl, and substances containing methamphetamine, to a confidential informant (CI) and undercover law enforcement officer (UC). Nelson told the CI and UC that he had a source of heroin and needed help distributing it. Nelson met with the CI and UC and distributed controlled substances on five occasions. During this time, he delivered to UC approximately 353 grams of substances containing fentanyl, 116 grams of substances containing heroin and 23 grams of substances containing methamphetamine. Doc. 56 at ¶¶ 19-23. Nelson personally received $25,200 from UC for the controlled substances he sold to UC. Doc. 56 at ¶24.

## II. PROCEDURAL BACKGROUND

The grand jury issued a seven-count indictment against Arnold Nelson on October 30, 2018, charging him with one count of conspiracy to distribute and possess with intent to distribute a controlled substance, which violation involved 100 grams or more of a mixture and substance containing a detectable amount of heroin and fentanyl (Count One); and six counts of distribution of controlled substances, including heroin, fentanyl and methamphetamine (Counts Two through Seven). Doc. 1. Pursuant to a plea agreement, Nelson entered a plea of guilty to Count One on March 6, 2019 (Docs. 38, 40, and 41), and the Court accepted the plea on March 21, 2019 (Doc. 49). The plea agreement calls for Counts Two through Seven to be dismissed at sentencing, pursuant to Fed. R. Crim. P. 11(c)(1)(A). Doc. 38 at ¶4.

The initial presentence investigative report ("PSR") was filed on April 24, 2019. Doc. 56. The sentencing in this matter is scheduled for June 4, 2019, and the Court has ordered the parties to file a sentencing memorandum. Doc. 49.

## III. SENTENCING GUIDELINES

The base offense level is 26 (Doc. 56 at ¶31), the total offense level is 23 (Doc. 56 at ¶41), the defendant's criminal history category is V (Doc. 56 at

¶67) and the guideline imprisonment range is 84 to 105 months (Doc. 56 at ¶126).

IV. **MINIMUM MANDATORY SENTENCES**

Count One, which is a violation of 21 U.S.C. § 841(b)(1)(B), carries a minimum term of imprisonment for five years, and a term of supervised release of at least four years. Doc. 56 at ¶125 and ¶128.

IV. **18 U.S.C. § 3553(a) FACTORS**

In this case, the pertinent Section 3553(a) factors, including (1) the history and characteristics of the defendant, (2) the need to promote respect for the law, (3) the need to provide adequate deterrence, (4) the nature and circumstances of the crime, (5) the need to protect the public, and (6) the need to avoid unwarranted disparities among defendants with similar records who have committed similar crimes, support a sentence within the advisory guidelines range.

Arnold Nelson, age 33, has a criminal history that shows he has repeatedly engaged in criminal conduct since the age of 17. Doc. 56 at ¶¶ 43-65. The PSR does not reflect any extended period after that where the defendant has not committed crimes. His recidivism indicates that he poses a danger to the public.

Also, great weight should be given to the nature and circumstances of the instant offense and the need to protect the public from such crime. Nelson distributed significant quantities of highly dangerous controlled substances, including fentanyl. He stated that he had a source of supply, and needed help moving the product. He involved James Thomas Lang III and others in a conspiracy to distribute the controlled substances. In short, the defendant engaged in a conspiracy that promoted the proliferation of deadly and addictive controlled substances, and by doing so endangered the community.

Nothing reflected in the PSR supports a downward departure or variance. Doc. 56 at ¶¶ 140-141. Moreover, one of the motivations claimed by the defendant for his criminal conduct, the need to support his children (Doc. 56 at ¶27), is not a genuine mitigating circumstance, as the defendant was already over $17,000 in child support arrears on November 20, 2018 (Doc. 56 at ¶95) before he was arrested for this case on December 4, 2018.

Taking into account all of the Section 3553(a) factors, a sentence within the defendant's sentencing guideline range is sufficient but not greater than necessary to satisfy the statutory purposes of sentencing.

**V.     CONCLUSION**

For the reasons stated herein, the Court should sentence the defendant within the defendant's sentencing guideline range.

>                             Respectfully submitted,
>
>                             MARIA CHAPA LOPEZ
>                             United States Attorney
>
> By:    */s/ Michael C. Sinacore*
>           Michael C. Sinacore
>           Assistant United States Attorney
>           Florida Bar No. 868523
>           400 N. Tampa Street, Suite 3200
>           Tampa, Florida 33602-4798
>           Telephone:   (813) 274-6000
>           Facsimile:    (813) 274-6358
>           E-mail: michael.sinacore@usdoj.gov

U.S. v. Arnold Nelson	Case No. 8:18-cr-517-T-35AEP

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Joe Caimano, Esq.

/s/ *Michael C. Sinacore*
Michael C. Sinacore
Assistant United States Attorney
Florida Bar No. 868523
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: michael.sinacore@usdoj.gov